UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BRIAN WHITAKER,<br><br>  Plaintiff,<br><br>v.<br><br>URBN US RETAIL LLC,<br><br>  Defendant. | Case No. 21-cv-01480-BLF<br><br>**ORDER DENYING MOTION TO DISMISS FIRST AMENDED COMPLAINT; AND DIRECTING DEFENDANT TO ANSWER BY FEBRUARY 18, 2022**<br><br>[Re: ECF 20] |

Plaintiff Brian Whitaker ("Whitaker") sues Defendant URBN US Retail LLC ("URBN") for alleged violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.*, and California's Unruh Civil Rights Act, Cal. Civ. Code § 51 *et seq.* URBN seeks dismissal of the operative first amended complaint ("FAC") under Federal Rule of Civil Procedure 12(b)(6). The Court previously determined that the motion is suitable for decision without oral argument and vacated the hearing. *See* Order Submitting Motion, ECF 26.

The motion is DENIED for the reasons discussed below.

**I.   BACKGROUND**

Whitaker alleges the following facts, which are accepted as true for purposes of the motion to dismiss. *See Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). Whitaker suffers from a C-4 spinal cord injury and uses a wheelchair for mobility. FAC ¶ 1, ECF 14. On January 21, 2021, he visited an Anthropologie store ("store") located in Palo Alto, California, that is owned by URBN. *Id.* ¶¶ 2-3, 9. Whitaker recently moved into a new house and wanted to add some design elements to the house. *Id.* ¶ 9. He visited the store to shop and consult

for services. *Id.* ¶ 8. Whitaker also is "an active ADA tester," meaning that he "actively looks for law breaking businesses with the intention to haul them before the courts to be penalized and forced to comply with the ADA." *Id.* ¶ 17.

There is a Design Center on the second floor of the store, with a service counter and a chair, where store employees provide services to customers. FAC ¶ 11. The counter is made available to customers who wish to meet with the store's home stylist. *Id.* ¶ 12. The service counter is not accessible to wheelchair users because it is a uniform 40 inches high. *Id.* ¶ 13. No portion of the service counter is 36 inches high. *Id.* Whitaker frequents the area where the store is located on a regular and ongoing basis. *Id.* ¶ 19. He currently is deterred from patronizing the store because of the existing barrier of the service counter. *Id.* ¶ 21. Whitaker will return to the store to take advantage of design services once it is represented to him that the store's facilities are accessible to him. *Id.* ¶ 20.

Whitaker filed this suit on March 2, 2021. *See* Compl., ECF 1. He amended as of right in response to URBN's motion to dismiss the complaint, filing the operative FAC on May 6, 2021. *See* FAC, ECF 14. Whitaker asserts claims under the ADA (Claim 1) and the Unruh Act (Claim 2). He seeks injunctive relief under both statutes, and damages under the Unruh Act.

## II.   DISCUSSION

URBN moves to dismiss both claims of the FAC under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. However, its notice of motion asserts that the Court "*does not have jurisdiction* over the federal claim upon which Plaintiff's FAC is based, because Plaintiff fails to state facts sufficient to state a cause of action upon which relief may be granted under the Americans with Disabilities Act ("ADA"). . . ." Am'd Not. at 1-2 (emphasis added), ECF 21. Whitaker apparently understands URBN's motion to raise a challenge to subject matter jurisdiction based on lack of Article III standing, as he devotes several pages of his opposition to arguing that he has established injury in fact and other requirements for Article III standing. *See* Opp. at 1-5, ECF 22. Rule 12(b)(6) is not a proper vehicle to seek dismissal for lack of constitutional standing. *See Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011) ("The district court erroneously concluded that lack of Article III standing was grounds for dismissal

under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim."). Apparently recognizing that standing may not be challenged in a Rule 12(b)(6) motion, URBN argues in its reply that the Court should address Whitaker's Article III standing sua sponte. *See* Reply at 5, ECF 23.

"[W]hether or not the parties raise the issue, federal courts are *required* sua sponte to examine jurisdictional issues such as standing." *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1035 (9th Cir. 2008) (internal quotation marks, citation, and brackets omitted); *see also Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1178 (9th Cir. 2021) (considering standing sua sponte on appeal of Rule 12(b)(6) ruling). Accordingly, the Court sua sponte discusses Whitaker's constitutional standing before turning to the merits of URBN's Rule 12(b)(6) motion.

### A.  Whitaker has Established Article III Standing

Federal subject matter jurisdiction is premised on Whitaker's assertion of a claim under a federal statute, the ADA. A plaintiff claiming discrimination under the ADA "must satisfy the case or controversy requirement of Article III by demonstrating his standing to sue at each stage of the litigation." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011). "Under the oft-repeated standing formulation, [the plaintiff] must demonstrate that he has suffered an injury-in-fact, that the injury is traceable to the Store's actions, and that the injury can be redressed by a favorable decision." *Id*. "In addition, to establish standing to pursue injunctive relief, which is the only relief available to private plaintiffs under the ADA, he must demonstrate a real and immediate threat of repeated injury in the future." *Id*. (internal quotation marks, citation, and footnote excluded).

Whitaker alleges that he uses a wheelchair for mobility, he visited the Anthropologie store, he personally encountered a barrier related to his disability – the inaccessible Design Center service counter – and the barrier deters him from returning to the store. Compl. ¶¶ 1, 11-15, 21. The Ninth Circuit found similar allegations sufficient to establish standing in another ADA case brought by the same plaintiff, *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173 (9th Cir. 2021). In *Tesla*, the Ninth Circuit summarized the plaintiff's allegations as follows: "Whitaker's complaint alleges that he uses a wheelchair for mobility, that he visited the defendant's premises, that he

3

personally encountered a barrier related to his disability – inaccessible service counters – and that the barrier deters him from returning." *Id*. at 1179.  The Ninth Circuit concluded that "[t]hese allegations are sufficient to establish injury-in-fact for purposes of standing." *Id*.  Applying *Tesla* to the facts of this case, this Court finds that Whitaker has alleged injury in fact.  The alleged injury is traceable to the store's actions and would be redressed by a favorable decision.

URBN argues that the alleged barrier identified by Whitaker is not a "service counter" within the meaning of the ADA, but is merely a table used by the store's home stylist.  URBN asks the Court to take judicial notice of the declaration of Melinda Cowan, "the General Brand Leader of the Anthropologie store" that is the subject of this lawsuit, which was submitted in connection with URBN's prior motion to dismiss the original complaint.  *See* Cowan Decl. ¶ 1, ECF 13-1.  Ms. Cowan states that there is no service counter in the Design Center; there is a table used by the store's home stylist; and customers can meet with the stylist either at the table or at a home showroom.  *See id.* ¶¶ 3-4.  Ms. Cowan's declaration is not a proper subject for judicial notice, as the facts contained therein are not "generally known within the trial court's territorial jurisdiction," and cannot "be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  However, the Court may consider evidence beyond the complaint when evaluating subject matter jurisdiction.  *See Safe Air For Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

The current record is not sufficiently developed for the Court to determine whether the alleged barrier is a service counter under the ADA.  Even if the record were more fully developed, a dismissal on jurisdictional grounds "is inappropriate when the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits of an action." *Safe Air*, 373 F.3d at 1039.  Whether the alleged barrier qualifies as a service counter is an issue going to the merits of Whitaker's ADA claim.

URBN also argues that Whitaker cannot establish a likelihood of future injury as required to seek injunctive relief under the ADA.  As noted above, in order to establish standing to pursue injunctive relief, an ADA plaintiff must "demonstrate a real and immediate threat of repeated

4

injury in the future." *Chapman*, 631 F.3d at 946 (internal quotation marks, citation, and footnote excluded). "[A]n ADA plaintiff can show a likelihood of future injury when he intends to return to a noncompliant accommodation and is therefore likely to reencounter a discriminatory architectural barrier." *Id*. at 950. "Alternatively, a plaintiff can demonstrate sufficient injury to pursue injunctive relief when discriminatory architectural barriers deter him from returning to a noncompliant accommodation." *Id*. "Just as a disabled individual who intends to return to a noncompliant facility suffers an imminent injury from the facility's existing or imminently threatened noncompliance with the ADA, a plaintiff who is deterred from patronizing a store suffers the ongoing actual injury of lack of access to the store." *Id*. (internal quotation marks and citation omitted).

Whitaker alleges that he personally encountered a barrier related to his disability – the alleged inaccessible service counter – and that the barrier deters him from returning to the store. Compl. ¶¶ 8-15, 21. Whitaker also alleges that he frequents the area where the store is located on a regular and ongoing basis, and that he will return to the store once it is represented to him that the store's facilities are accessible. Compl. ¶¶ 19-20. These allegations are sufficient to establish likelihood of future injury under *Chapman*.

URBN submits evidence that Whitaker lives in Los Angeles and that Anthropologie stores with Design Centers are located near his home. *See* Buddingh Decl. ¶¶ 2-3, ECF 20-1. URBN argues that this evidence suggests that Whitaker will not return to the Anthropologie store in Palo Alto. URBN's evidence arguably undermines Whitaker's allegation that he intends to return to the store. However, the evidence does not undermine his allegation that he personally encountered a barrier that deters him from returning to the store even though he is frequently in the store's area. The Supreme Court has instructed courts to "take a broad view of constitutional standing" in the ADA context, as "private enforcement suits are the primary method of obtaining compliance with the Act." *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1039 (9th Cir. 2008) (internal quotation marks and citation omitted). Keeping the Supreme Court's instruction in mind, the Court finds that Whitaker has established standing to seek injunctive relief under the ADA.

### 2. Whitaker has Stated Claims for Relief

The Court next turns to URBN's motion to dismiss under Rule 12(b)(6). "A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a claim." *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (internal quotation marks and citation omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

When evaluating a Rule 12(b)(6) motion, the district court is limited to consideration of the allegations of the complaint, documents incorporated into the complaint by reference, and matters which are subject to judicial notice. *See Louisiana Mun. Police Employees' Ret. Sys. v. Wynn*, 829 F.3d 1048, 1063 (9th Cir. 2016). Consequently, although the Court may consider URBN's evidence when evaluating subject matter jurisdiction, the Court cannot consider that evidence when evaluating the Rule 12(b)(6) motion. None of the evidence submitted by URBN has been incorporated by reference into the FAC, nor is it a proper subject for judicial notice. *See* Fed. R. Evid. 201(b).

To prevail on a claim under Title III of the ADA, a plaintiff must show that (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability. *See Molski*, 481 F.3d at 730. To succeed on an ADA claim based on architectural barriers, the plaintiff "must also prove that: (1) the existing facility presents an architectural barrier prohibited under the ADA; and (2) the removal of the barrier is readily achievable." *Ridola*, 2018 WL 2287668, at *5. "The Unruh Act is coextensive with the ADA." *Molski*, 481 F.3d at 731. Thus, to the extent Whitaker has stated a claim under the ADA, he also has stated a claim under the Unruh Act. *See id.*

URBN does not challenge Whitaker's allegations that he is disabled within the meaning of

6

1 the ADA and that URBN is a private entity that owns the Anthropologie store in question.

2 However, URBN argues that Whitaker has not alleged facts showing that he was denied public

3 accommodations because of his disability. Specifically, URBN contends that Whitaker has not

4 alleged facts showing that the alleged barrier is a service counter governed by the ADA or what

5 defects in the service counter deprived him of rights protected by the ADA. URBN likens this

6 case to *Tesla*, in which the Ninth Circuit found that Whitaker had failed to state an ADA claim

7 based on allegedly inaccessible service counters. *See Tesla*, 985 F.3d at 1177.

8  URBN's reliance on *Tesla* is misplaced. In that case, the Ninth Circuit observed that

9 Whitaker had alleged that Tesla "failed to provide accessible service counters" but had not

10 explained how the counters deprived him of full and equal access to the Tesla facility. *See Tesla*,

11 985 F.3d at 1177. The Ninth Circuit summarized the pleading deficiency as follows:

> The complaint failed to answer basic questions: Were the service counters too low?
> Or too high? Were they positioned in an area that was inaccessible for another
> reason? Without this sort of factual detail, the district court and Tesla were left in
> the dark about how the service counters denied Whitaker from full and equal
> enjoyment of the premises.

15 *Id*.

16  In contrast, Whitaker alleges specific facts that inform URBN how he was denied full and

17 equal enjoyment of the premises. He alleges that he went to the store to shop and to consult at the

18 Design Center; the Design Center provides services at a "service counter" where customers can

19 meet with the store's home stylist; the service counter is not accessible to wheelchair users

20 because it is 40 inches high rather than 36 inches high; and he personally encountered this barrier.

21 Compl. ¶¶ 8-9, 11-15. Whitaker identifies the specific regulations that he alleges are violated by

22 the service counter. Compl. ¶ 25. These allegations are sufficient to inform URBN of the basis

23 for Whitaker's claim.

24  URBN argues that the claim is insufficient because Whitaker does not allege that the

25 height of the alleged service counter prevented him from doing business in the store. Based on the

26 Cowan declaration, URBN argues that the alleged barrier in fact is not a service counter, and that

27 Whitaker could have obtained a design consultation in a home showroom area. The Court cannot

28 consider the Cowan declaration in evaluating the Rule 12(b)(6) motion, as discussed above.

1    The Court concludes that Whitaker has stated a claim for relief under the ADA. Because the Unruh Act is coextensive with the ADA, "[a]ny violation of the ADA necessarily constitutes a violation of the Unruh Act." *Molski*, 481 F.3d at 731.

URBN's motion to dismiss the FAC under Rule 12(b)(6) is DENIED.

## IV. ORDER

(1) URBN's motion to dismiss the FAC is DENIED.

(2) URBN shall file an answer to the FAC by February 18, 2022.

(3) This order terminates ECF 20.

Dated: January 28, 2022

_____
BETH LABSON FREEMAN
United States District Judge